## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMAL HENLEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **7:18-cv-1291-LSC** |
| | ) | |
| **Social Security Administration,** | ) | |
| **c/o Nancy A. Berryhill,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

## I.    Introduction

Presently before this Court is a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and/or failure to state a claim for which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed by the defendant, the United States. (Doc. 2.) Plaintiff, Jamal Henley, has responded in opposition to the motion. (Doc. 4). For the reasons that follow, the motion is due to be granted and this action dismissed.

## II.    Background

On May 11, 2015, Plaintiff filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income pursuant to the Social Security Act.[1] An Administrative Law Judge denied Plaintiff's applications in a written decision dated April 12, 2017. Plaintiff appealed to the Social Security Administration's ("SSA's") Appeals Council, but on August 29, 2017, the Appeals Council sent him notice of its denial of review and of his right to commence a civil action within 60 days by filing a complaint in the U.S. District Court for the judicial district in which he lives. (Doc. 1, Exh. 1, at 12.)

On March 2, 2018, Plaintiff filed a *pro se* complaint against the "Social Security Administration c/o Nancy A. Berryhill" in the Circuit Court of Tuscaloosa County, Alabama, in case number CV-2018-42. The complaint sought review of the administrative decisions of the SSA concerning Plaintiff's applications for disability benefits. Plaintiff served the SSA[2] on May 18, 2018, and a return of service was entered on the Tuscaloosa County Circuit Court's docket on May 22, 2018. On June 22, 2018, Plaintiff filed a motion for default judgment for disability benefits. The United States was never served, and the United States

---

[1]     The Social Security Administration administers a national plan of contributory social insurance for retired or disabled persons and their survivors and dependents under the Social Security Act, 42 U.S.C. § 1305.

[2]     The SSA is an independent agency of the United States, with a national office located 6401 Security Blvd., Windsor Park Bldg., Baltimore, MD 21235.

Attorney's Office for the Northern District of Alabama received its first notice of Plaintiff's *pro se* complaint on August 9, 2018, when it was forwarded from the SSA. On August 13, 2018, the United States removed the case from the Circuit Court of Tuscaloosa County, Alabama to this Court.

## III.    Discussion

A motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's statutory or constitutional power to adjudicate a case. Sections 405(g) and (h) of Title 42 of the United States Code limit judicial review of the Commissioner of the SSA's final administrative decisions. These provisions are the exclusive basis for jurisdiction in cases arising under the Social Security Act, providing as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . .

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee

thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h). Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g), as limited by § 405(h). *See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8-9 (2000). Plaintiff was given actual notice of these appeal rights and limitations in the correspondence Plaintiff attached to his complaint. (Doc. 1, Exh. 1.) Accordingly, Plaintiff had to have commenced his civil action in the federal district court for the judicial district in which he resides on or before November 2, 2017 (August 29, 2017, plus 60 days, plus 5 days for presumed receipt from mailing).[3] However, there is no dispute that Plaintiff filed his civil action in state court, four months past the deadline.

Assuming without deciding that the United States's removal of Plaintiff's state-court case to this Court suffices to bring this action within § 405(g)'s

---

[3]     The Commissioner of the SSA, by regulations published December 9, 1976, in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *See also* 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within sixty-five days of the date on the Appeals Council notice. *See also* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

directive that the action be filed in federal district court,[4] Plaintiff could attempt to cure the untimely filing by establishing that he qualifies for an extension of the 60-day deadline through equitable tolling. However, courts are clear that the SSA Commissioner, not the courts, is usually the proper entity to decide whether a federal civil action should be allowed to proceed despite being filed out of time. In *Bowen v. City of New York*, the Supreme Court ruled that the 60-day period specified in § 405(g) of the Social Security Act is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. 476 U.S. 467, 480 (1986). The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the 60-day period and that only "where the equities in favor of tolling the limitation period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Here, Plaintiff has made no allegation that he pursued an out-of-time appeal with the Commissioner, nor has he demonstrated to this Court that exigent circumstances exist that would favor equitable tolling. In short, Plaintiff has failed to allege that he exhausted available administrative remedies as required by 42

---

[4] The United States's removal was proper under 28 U.S.C. §§ 1441(a)(1), (f) and 1442(a)(1). *See also City of Jacksonville v. Department of Navy*, 348 F. 3d 1307, 1310-1311 (11th Cir. 2003).

U.S.C. § 405(g) and (h). Accordingly, this Court cannot exercise jurisdiction of this case in its present posture.

## IV.    Conclusion

In light of the foregoing, the United States's motion to dismiss the complaint (doc. 2) is due to be granted and this case dismissed for lack of subject matter jurisdiction. A separate closing order will be entered.

**DONE** AND **ORDERED** ON October 3, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704